IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIE T. OLIVER,<br>TDCJ No. 2306446, | §<br>§<br>§ | |
| Petitioner, | §<br>§ | |
| V. | §<br>§ | No. 3:24-cv-1751-K-BN |
| 241ST DISTRICT COURT, | §<br>§<br>§ | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Texas prisoner Willie T. Oliver submitted a *pro se* filing in this district that was initially construed as a petition for a writ of habeas corpus, in which Oliver requests that the Court "move the 241st Court of Smith County to dismiss [a] charge of assault harassment of public servant." Dkt. No. 3.

United States District Judge Ed Kinkeade referred this case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

While Smith County, Texas is in the Tyler Division of the Eastern District of Texas, *see* 28 U.S.C. § 124(c)(1), because, as explained below, the Court lacks jurisdiction to grant the relief that Oliver seeks, it would not be in the interest of justice to transfer this case under 28 U.S.C. § 1406(a), *see Seville v. Maersk Line, Ltd.*, 53 F.4th 890, 894 (5th Cir. 2022) ("Where venue is improper, the district court should generally dismiss the case. But the court retains discretion to transfer it to a proper venue if such a transfer would serve 'the interest of justice.'" (citation omitted); *cf.*

*Olberding v. Ill. Cent. Ry. Co.*, 346 U.S. 338, 340 (1953) ("[A] plaintiff, by bringing the suit in a district other than that authorized by the statute, relinquishe[s] his right to object to the venue.").

Insofar as Oliver requests an order from the Court to compel a state court to act, he seeks mandamus relief.

The federal mandamus statute provides "district courts [with] original jurisdiction of any action in the nature of mandamus to compel an officer or agency of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

And, as this language makes clear, "the authority of district courts to issue a writ of mandamus pursuant to § 1361 only extends to federal officers, employees, or agencies. District courts do not have jurisdiction to grant mandamus relief [otherwise]." *Cowell v. Shames & Bynum, P.C.*, No. 1:17cv1207 (CMH/TCB), 2017 WL 8786970, at *1 (E.D. Va. Dec. 5, 2017) (citations omitted); *see, e.g.*, Moore v. 204th Dist. Ct., No. 3:08-cv-2281-D, 2009 WL 3150983, at *3 (N.D. Tex. Sept. 29, 2009) ("Federal courts lack the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties." (citing *Moye v. Clerk, Dekalb Cnty. Sup. Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973))).

The Court therefore lacks jurisdiction over the relief that Oliver requests, regardless of how his *pro se* filing is construed. *Cf. Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 n.1 (5th Cir. 1987) (A court must construe prisoner or *pro se* filings "according to the essence of the [litigant's] claims, regardless of the label that the

[litigant] places on his complaint.").

And this action should be dismissed.

But, expecting that Oliver may appeal any dismissal of this lawsuit, the Court should also find that the provisions of the Prison Litigation Reform Act (the "PLRA") do not apply to this action.

Since "a writ of mandamus 'is not an independent civil action, but may be considered a type of appeal,' ... the nature of the underlying action [determines] the applicability of" provisions such as the [PLRA] amendments to 28 U.S.C. § 1915. *In re Crittenden*, 143 F.3d 919, 920 (5th Cir. 1998) (per curiam) (quoting *In re Stone*, 118 F.3d 1032, 1033 (5th Cir. 1997)); *see, e.g., In re Jacobs*, 213 F.3d 289, 289 (5th Cir. 2000) (per curiam) ("The nature of the underlying action determines whether the fee requirements of the PLRA are to apply in mandamus cases. [If] the underlying action [ ] is a civil case, the PLRA fee requirements apply." (citations omitted)).

And, because the action underlying Oliver's construed writ appears to be a state criminal proceeding, this action should not be classified as a civil action subject to the PLRA. *See, e.g., Banks v. Hornak*, 698 F. App'x 731, 738 (4th Cir. 2017) ("[P]etitions filed in underlying *civil* proceedings are 'civil actions' but those filed in underlying *criminal* proceedings are not." (citing *Stone*, 118 F.3d at 1034 & n.2; citations omitted)).

## Recommendation

The Court should dismiss this action for lack of jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on

all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 21, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE